

# NUMBER 13-18-00412-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EDINBURG CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT AND
MIKE MORATH, COMMISSIONER OF
EDUCATION OF THE STATE OF TEXAS,**            **Appellants,**

**v.**

**CRISTINA L. ESPARZA,**            **Appellee.**

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

# CONCURRING OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Concurring Opinion by Justice Hinojosa

I concur in the majority's thorough and well-reasoned opinion. However, I write separately to clarify the limitations of this Court's review.

The statutory scheme governing school districts provides important protections for educators while recognizing that "a school board must be the ultimate interpreter of its policy[.]" *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 565 (Tex. 2000). In the context of the termination of educator contracts, where the factfinding role has been delegated to a hearing examiner, a school board cannot sit "in effect as a second factfinder[.]" *Id*. But the board still "retains the authority to make the ultimate decision of whether the facts demonstrate that board policy was violated." *Id*. "The ability to reject or change conclusions of law preserves a school board's authority and responsibility to interpret its policies." *Id*. The legislature has extended this authority to determinations "regarding good cause" for termination of an educator's contract. *See* TEX. EDUC. CODE ANN. § 21.257(a-1). If the issue to be determined is ultimately one of policy, this Court must only be concerned with whether the decision, as upheld by the Commissioner, is supported by substantial evidence and free from erroneous legal conclusions. *See id*. § 21.307(f); *Montgomery Indep. Sch. Dist.*, 34 S.W.3d at 566.

The majority opinion correctly recognizes ECISD's authority to determine policy matters, including those "regarding good cause" for terminating an educator's contract, and it limits its scope of review accordingly. This Court's resolution of this appeal, however, should not be understood as tacit approval of ECISD's decision. This case presents a unique scenario whereby the malicious acts of a third person resulted in a school district's policy decision that its employee's effectiveness was impaired. The result is admittedly harsh, but we must respect ECISD's determination in this regard. We are now faced with the reality of an "always connected" society with rapidly evolving

2

technologies. It is incumbent upon school districts in this State to continue to review and develop their policies to reflect this reality and to do so in ways that protect educators from the malicious actions of others. It is not the role of an appellate court to make such determinations by judicial fiat. Therefore, I concur in the result reached by the majority.

LETICIA HINOJOSA
Justice

Delivered and filed the
19th day of March, 2020.